UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAULA AND LEE STEVENS** | * | **CIVIL ACTION NO. 2:06-CV-01885** |
| **Plaintiffs** | * | |
| **VERSUS** | * | **JUDGE MINALDI** |
| **AUTO CLUB FAMILY INSURANCE COMPANY** | * | |
| **Defendant** | * | **MAGISTRATE JUDGE WILSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PRETRIAL STATEMENT OF
PLAINTIFFS, PAULA AND LEE STEVENS**

Counsel for Plaintiffs submits the following Pretrial Statement to the Court and opposing counsel.

1. <u>Jurisdiction.</u>

Jurisdiction is based on the complete diversity between the Plaintiffs and Defendant. The amount in controversy exceeds that necessary to establish jurisdiction in this Court.

2. <u>Additional Pleadings.</u>

Plaintiffs do not anticipate additional pleadings prior to trial other than responding to pending motions.

3. <u>Pending Motions.</u>

AAA has the following pending motions:

    a)     Motion to Exclude or Limit Expert Testimony and Alternative Motion for Trial Continuance.

    b)     Motion in Limine to Exclude Evidence and Argument Regarding Louisiana's "Valued Policy Law."

    c)     Motion in Limine to Exclude Expert Testimony Regarding Mold-Related Damages.

      d)      Motion for Leave to Supplement Motion in Limine to Exclude Expert Testimony Regarding Mold With Deposition Excerpts of Plaintiffs' Expert Cal Chambers

      e)      Motion for Trial Continuance

Plaintiffs are preparing responses to these motions.

4.      <u>Brief Summary of Case by Plaintiffs.</u>

Plaintiffs' home, other structures and personal property sustained significant Hurricane Rita damages. Plaintiffs' homeowners' insurer has failed to pay significant amounts of covered losses, and has also failed to pay full coverage to the Plaintiffs for their additional living expenses caused by the Plaintiffs being out of their home from the date of the storm, September 24, 2005, until December 2006, even though repairs on the home, which was considered a constructive total loss, remain incomplete.

Plaintiffs seek the full benefits of the coverage for all losses incurred as a result of the hurricane, plus penalties pursuant to La. R.S. 22:658 and/or 22:1220. Plaintiffs also seek general damages caused by AAA's breach of its obligation of good faith and fair dealing.

5.      <u>Issues of Fact.</u>

The issues of fact concern the extent of the damage to the home, contents and other structures, and the amount of coverage owed under the policy to the Plaintiffs for their additional living expenses. The extent of general damages sustained by the Plaintiffs is also an issue of fact.

There is an issue of fact about whether AAA timely adjusted the Plaintiffs' claim. There is an issue of fact as to the receipt by AAA of satisfactory proof of the loss and when such proof was received by AAA.

6.      <u>Issues of Law.</u>

The application of Louisiana's Valued Policy Law, the application of Louisiana Department of Insurance Advisor letter No. 01-02, December 28, 2001, and Addendum dated September 16, 2005, the enforceability of AAA's mold limitation, the conflict between AAA's mold limitation with other portions of the policy that would cover losses caused by wind driven rain and the application of Louisiana's bad faith statutes that justify penalties.

7.   List of Witnesses.

   WILL CALL WITNESSES
   Paula Stevens
   Lee Stevens
   Charles Norman
   Cal Chambers
   A representative of All Pro Remodeling, L.L.C.

   MAY CALL WITNESSES
   A representative of Burglar Alarms & Security
   Rick Solari
   A representative of Know Fence

8.   Exhibits.

   (1)   All photographs taken by all interested parties, including Plaintiffs and any adjusters/estimators/experts;

   (2)   Certified copy of Auto Club Family Insurance Company Policy No. P9-282-561-1 in effect at the time of the loss;

   (3)   Solari Marble & Granite Works, Inc. estimate;

   (4)   Knox Fence estimate;

   (5)   Charles R. Norman notes;

   (6)   Charles R. Norman resume;

   (7)   All reports made a part of and relied on by Charles Norman;

   (8)   Cal Chambers file materials;

(9) All photographs taken by Cal Chambers;

(10) Southern Regional Climate Center Report;

(11) Paul Stevens contents list;

(12) Floor plan outline of the home;

(13) Month-to-Month Rental Agreement between Stevens and Southern Rental Services dated October 10, 2005;

(14) Reliable adjusting statement of loss dated November 23, 2005;

(15) Pro Pools & Spa invoice for cleaning dated November 23, 2005;

(16) Burglar Alarms & Security estimate dated March 30, 2006;

(17) All Pro Remodeling estimate dated April 7, 2006;

(18) Charles R. Norman engineering report of July 25, 2006;

(19) Denson Engineers, Inc. report of August 30, 2006;

(20) R&D Insurance Consultants report of May 24, 2007;

(21) Trinity Insurance Services revised final report dated September 3, 2007;

(22) Denson Engineers, Inc. supplemental report of September 10, 2007;

(23) R&D Insurance Consultants complete report dated September 26, 2007;

(24) R&D Insurance Consultants activity log of October 2, 2007;

(25) R&D Insurance Consultants invoices relating to work performed by R&D in this case;

(26) All receipts produced by homeowners for expenses relating to storm damage;

(27) All receipts for work performed on the property in question;

(28) All receipts for replacement of property damaged due to Hurricane Rita;

(29) AAA's correspondence to Paula Stevens dated October 3, 2005;

    (30)    AAA's correspondence to Paula Stevens dated October 10, 2005;

    (31)    AAA's correspondence to Paula Stevens dated December 7, 2005;

    (32)    AAA's correspondence to Paula Stevens dated December 19, 2005;

    (33)    AAA's correspondence to Paula Stevens dated February 7, 2006;

    (34)    Dennis Sumpter's correspondence to Auto Club dated February 22, 2006;

    (35)    Ray Lucas correspondence of April 4, 2006 to Dennis Sumpter;

    (36)    Dennis Sumpter's correspondence to Ray Lucas dated May 3, 2006;

    (37)    Ray Lucas correspondence to Dennis Sumpter dated May 10, 2006;

    (38)    Dennis Sumpter's correspondence to Ray Lucas dated June 30, 2006;

    (39)    Weather documentation which recorded or measured weather, including wind, conditions in Southwest Louisiana as a result of Hurricane Rita;

    (40)    Any and all documents obtained through discovery in this matter;

    (41)    Pleadings, discovery requests and responses thereto;

    (42)    Any exhibit listed and/or utilized by any other party.

9.    <u>Depositions.</u>

Plaintiffs do not anticipate offering any depositions.

10.    <u>Stipulations.</u>

There are no stipulations.

11.    <u>Probable Length of Trial.</u>

2 days.

12.    <u>Other Matters.</u>

Plaintiffs are unaware of any other matters that need to be brought to the attention of the Court or opposing counsel.

Date: <u>November 2, 2007</u>                    <u>Clayton Davis</u>

                                                          Attorney for Plaintiffs, Paula and Lee Stevens

## **CERTIFICATE**

I HEREBY CERTIFY that I am the chief trial attorney and that I have mailed or delivered a copy of this Pretrial Statement to the attorneys listed below no less than thirty (30) days prior to the date that this case is fixed for trial.

    **Bruce D Beach**
    bbeach@ungarino-eckert.com

    **William H Eckert**
    beckert@ungarino-eckert.com arhodes@ungarino-eckert.com

Lake Charles, Louisiana this 2nd day of November, 2007.

                                                      <u>Clayton Davis</u>
                                                      Attorney for Plaintiffs, Paula and Lee Stevens