

RECEIVED
IN LAKE CHARLES, LA
APR 14 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAULA AND LEE STEVENS** | : | **DOCKET NO. 2:06 CV 1885** |
| **VS.** | : | **JUDGE MINALDI** |
| **AUTO CLUB FAMILY INSURANCE COMPANY** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment, filed by defendant Auto Club Family Insurance Company (hereinafter "AAA"), [doc. 61]. The plaintiffs, Paula and Lee Stevens, (hereinafter "the plaintiffs"), filed an Opposition [doc. 68]. AAA filed a Reply [doc. 69].

### FACTS

The plaintiffs filed suit against AAA, their insurer, in the 36th JDC for damages sustained to their home during Hurricane Rita.[1] AAA removed the case to federal court on October 23, 2006.[2] At issue here is the plaintiffs' claim for statutory penalties and attorney's fees for the handling of their contents claim pursuant to LA. REV. STAT. ANN. § 22:658(B)(1) and LA. REV. STAT. ANN. § 22:1220(B)(5).[3] The plaintiffs apparently submitted notice of a claim within the

---

[1] Compl. [doc. 1].

[2] Notice of Removal [doc. 3].

[3] Mem. in Support of Def.'s Mot. for Partial Summary Judgment, at 1 [doc. 61].

1

week following Hurricane Rita, which occurred on September 24, 2005.[4] The first adjustment from AAA occurred on November 23, 2005, almost two months after the plaintiffs gave notice of their claim.[5] Following a request from AAA, on June 30, 2006, the plaintiffs submitted a twenty-five page itemized contents claim to AAA.[6]

In April and October 2007, AAA adjusters photographed large amounts of clothing that AAA alleges the plaintiffs claim as a loss but AAA believes is used on a daily basis.[7] On November 8, 2007, to prevent spoliation of evidence, AAA offered to take possession of the clothing.[8] Apparently no mutually agreeable date was available until February 29, 2008, at which point the plaintiffs informed AAA that they would retain possession of all disputed contents.[9] On November 20, 2007, the plaintiffs' public adjuster, Cal Chambers, included a trailer-load of water-damaged clothing as part of his report of loss.[10]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*

---

[4] Pl.'s Ex. A (Paula Stevens Aff. ¶ 1).

[5] Pl.'s Ex. F.

[6] Pl.'s Exs. A, C & D.

[7] Def.'s Ex. 1.

[8] Def.'s Mem. in Support of Mot. For Partial Summary Judgment, at 3 [doc. 61].

[9] *Id.*

[10] Pl.'s Ex. E.

*Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## LAW

Failure to pay a claim within sixty (60) days of "satisfactory proof of loss" when such failure is arbitrary, capricious, or without probable cause constitutes a breach of the insurer's duty of good faith and subjects the insurer to penalties pursuant to LA. REV. STAT. ANN. § 22:1220(B)(5). Failure to initiate loss adjustment of a property damage claim within thirty (30) days of notification of loss by the claimant can also subject the insurer to penalties under LA. REV. STAT. ANN. § 22:1220. LA. REV. STAT. ANN. § 22:658(B)(1).

Satisfactory proof of loss is proof that "is sufficient to fully apprise the insurer of the insured's claim." *Hart v. Allstate Ins. Co.*, 437 So.2d 823, 828 (La. 1983). Satisfactory proof of loss is a flexible requirement and need not be in writing. *Louisiana Bag Co. v. Audubon Indem.*

*Co.*, 07-1103 (La. App. 3 Cir. 1/30/08); 975 So.2d 187, 191. Proof of loss is satisfactory when the insurer receives sufficient information to act on the claim. *Id.* In *Louisiana Bag Co.*, the court found that the plaintiff provided Audubon with satisfactory proof of loss at least by August 2003, when Audubon's adjuster submitted a report with a statement of loss and recommendation to pay the policy limits, which triggered the sixty-day period for Audubon to pay. *Id.* at 192.

## ARGUMENT

AAA argues that summary judgment is appropriate because there is no evidence that AAA has acted arbitrarily, capriciously, or in bad faith by refusing to accept the written estimates the plaintiffs provided. AAA argues that the plaintiffs never provided "satisfactory proof of loss," which is required before the insurer has a duty to make timely payment. Essentially, AAA argues that its photographs of the damaged items, taken in April and October 2007, do not match the plaintiffs' estimates of loss and therefore AAA has no satisfactory proof of loss. AAA further argues that none of the allegedly damaged items were placed in AAA's possession.[11] Thus, AAA argues that under the summary judgment standard, there is no triable issue of fact as to satisfactory proof of loss of the plaintiffs' contents.

The plaintiffs argue that they provided notice of loss to AAA within a week of the storm, which triggered the thirty-day period for defendants to initiate loss adjusting.[12] The plaintiffs also argue that they provided satisfactory proof of loss via the June 2006 itemization of contents, which triggered the sixty-day period for payment.[13] The plaintiffs argue that AAA failed to

---

[11] Def.'s Mem. in Support of Mot. For Partial Summary Judgment, at 3 [doc. 61].

[12] Pl.'s Exs. A & B.

[13] Pl.'s Exs. B & D.

comply with the relevant Louisiana statutes, which creates a triable issue of fact.

Moreover, Paula Stevens responded item-by-item to all of AAA's photographs attached as exhibits to AAA's Motion for Partial Summary Judgment.[14] In several cases, Ms. Stevens states that the AAA photographs depict replacement items or items on which the plaintiffs did not file a claim.[15] In some instances Ms. Stevens concedes that the AAA photographs depict items that were part of the contents claim.[16]

The plaintiffs further argue that once they have submitted competent summary judgment evidence that creates a triable issue of fact, it is not appropriate for the Court to make a credibility determination. Thus, the plaintiffs argue that the Court should deny AAA's Motion for Partial Summary Judgment because it would require the Court to choose between two sets of facts. The plaintiffs also argue that AAA makes an issue of their failure to hand over the damaged goods when there is no such legal requirement.

In Reply, AAA attacks the credibility of Paula Stevens' affidavit, arguing that Ms. Stevens knew she would litigate, and thus knew the importance of preserving evidence. AAA argues that given Ms. Stevens' awareness of preserving evidence, it is implausible that she would not have any photographs or documentation of certain items she claimed as losses. Moreover, AAA argues that the plaintiffs have failed to respond to written discovery requests and have been unwilling to negotiate an agreement on the contents.

---

[14] Pl.'s Ex. A ¶¶ 2-21.

[15] *Id.*

[16] *Id.*

5

## ANALYSIS

AAA seeks partial summary judgment on the plaintiffs' claims for penalties and/or attorney's fees because it argues there is no triable issue of fact that AAA's conduct reached the standard of "arbitrary, capricious, or without probable cause" in handling the plaintiffs' claim for contents, as required for recovery under LA. REV. STAT. ANN. § 22:658(B)(1) and LA. REV. STAT. ANN. § 22:1220(B)(5). There is no dispute here that AAA failed to pay the plaintiffs' claim within sixty days of receiving proof of loss. The issues before the Court in this Motion are therefore whether there is a triable issue of fact on: 1.) whether the plaintiffs' proof of loss was "satisfactory" such that AAA's obligation to pay within sixty days of proof was triggered, and 2.) whether AAA initiated loss adjustment within thirty days of receiving notice of loss from the plaintiff. If there is a genuine dispute of material fact on either issue, the Court is precluded from granting summary judgment.

First, given the evidence before the Court, this Court cannot say as a matter of law that proof of loss was not satisfactory. In June 2006, the plaintiffs provided a twenty-five page itemized contents list to AAA.[17] The plaintiffs listed items that were damaged or destroyed by room and stated where the item was purchased, the year of the purchase, the purchase price, and the replacement price.[18] Louisiana law does not require satisfactory proof of loss to be written; the plaintiff must simply provide information for the insurer to act on the claim. Here, a twenty-five page itemized contents list certainly provided enough information for AAA to act on the plaintiffs' claim. Accordingly, this Court finds that AAA is not entitled to judgment as a matter

---

[17] Pl.'s Ex. A.

[18] *Id.*

of law on whether the plaintiffs provided satisfactory proof of loss.

Second, AAA has not presented any evidence that it initiated loss adjustment within thirty days of notification of loss. The only evidence in the record is that the plaintiffs reported their loss within a week of Hurricane Rita and that AAA first adjusted this claim on November 23, 2005.[19] Thus, AAA is not entitled to summary judgment on whether it initiated loss adjustment within thirty days of receiving notice of loss from the plaintiff; accordingly,

IT IS ORDERED that the Motion for Partial Summary Judgment, [doc. 61], filed by AAA is hereby DENIED.

Lake Charles, Louisiana, this 14 day of April, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[19] Pl.'s Exs. A & F.