U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV 2 1 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PAULA AND LEE STEVENS | : | DOCKET NO. 2:06 CV 1885 |
| VS. | : | JUDGE MINALDI |
| AUTO CLUB FAMILY INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion for Attorney's Fees, [doc. 146], filed by the plaintiffs, Paula and Lee Stevens. The defendant, Auto Club Family Insurance Company (hereinafter "AAA"), filed an Opposition [doc. 151] and a Supplemental Opposition [doc. 152]. The plaintiffs filed a Reply [doc. 154].

On June 26, 2006, the jury awarded $336,397.34 to the plaintiffs for additional coverage under their AAA homeowner's insurance policy.[1] Pursuant to La. Rev. Stat. Ann. § 22:658, when the insurer fails to pay within thirty days after receipt of satisfactory proof of loss of a claim, and the failure is "arbitrary, capricious, or without probable cause, this shall subject the insurer to a penalty, in addition to the amount of the loss...as well as reasonable attorneys' fees and costs." The plaintiffs bring this motion seeking $112,121.23, or one-third, of the amount awarded by the jury for coverages pursuant to the 1/3 contingency fee agreement they allegedly had with their attorney, Clayton Davis.

The memorandum states that the fee correlates to at least 400 hours of work at $350 an hour. Although the memorandum in support of the motion for attorneys' fees references the many

---

[1] Verdict Sheet [doc. 145].

1

litigation activities that are documented in the record, Mr. Davis did not submit documentation stating the specific or approximate amount of time he spent litigating this case, an affidavit, or the contingency fee agreement.

Although a contingency fee contract is one factor courts use to determine "reasonableness" of attorneys' fees, it is not the only factor. *Rivet v. State of Louisiana, Department of Transportation and Development*, 96-0145 (La. 9/5/96); 680 So.2d 1154, 1162 n.8 (noting that while a court may "consider an attorney-client contract among other factors, it is not bound by such an agreement in determining reasonable attorney fees"); *see also Geraci v. Byrne*, 06-58 (La. App. 4 Cir. 6/28/06); 934 So.2d 263, 286.

The Louisiana Supreme Court employs ten factors when assessing the reasonableness of attorneys' fees:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. We have further noted that these factors are derived from Rule 1.5 of the Rules of Professional Conduct, which provides: (a) A lawyer's fees shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services, (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent.

2

*Rivet*, 680 So.2d at 1161-62.

This Court cannot perform its duty of assessing whether $112,121.23, or one-third of the amount awarded by the jury for coverages is "reasonable" without further documentation from the plaintiffs;[2] accordingly,

IT IS ORDERED that the plaintiffs' Motion for Attorney's Fees, [doc. 146], is hereby DENIED.

Lake Charles, Louisiana, this 26 day of Nov, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] Nothing in this Order precludes the plaintiffs from refiling a motion for attorneys' fees with additional documentation. Because this motion is denied, the Court does not reach AAA's arguments as to which version of La. Rev. Stat. Ann. § 22:658 applies; however, should the plaintiffs reurge their motion for attorneys' fees, the Court will certainly do so.

3